ALTENBERND, Judge.
David Dunn appeals an order of the Unemployment Appeals Commission *169 (UAC) upholding the decision of the appeals referee disqualifying him from receiving benefits. We reluctantly affirm the UAC’s order declaring that Mr. Dunn is disqualified from receiving benefits for the period beginning March 23, 2001. On remand, however, Mr. Dunn is entitled to make a renewed claim for the period between February 25, 2001, and March 23, 2001, if he has not already received benefits for that period. This case presents another example of a claimant who is disqualified to receive benefits pursuant to section 443.101(l)(a), Florida Statutes (2001), under circumstances that the legislature likely did not intend to address in its 1999 amendments. See ch. 99-131, § 3, Laws of Fla.
Mr. Dunn is a telecommunications engineer. He has been working full time for Allcom Technologies, Inc. (Allcom), as a leased employee, since 1997. While working full time for Allcom, Mr. Dunn accepted a substantial, part-time position with Tesinc, Inc. (Tesinc), in 1999. Thereafter, Mr. Dunn’s wife apparently developed health problems that required him to work from home. This made the part-time position with Tesinc difficult for Mr. Dunn. In July 2000, he notified Tesinc that he would not be taking on any additional work with Tesinc when his current project concluded. At that time, he was still fully employed with Allcom and presumably he did not worry about the date on which this part-time work would end.
On February 25, 2001, Mr. Dunn was laid off by Allcom. He filed a claim seeking unemployment benefits on March 2, 2001. This claim was initially granted effective February 25, 2001. It is clear from the record that Mr. Dunn’s claim related to his full-time employment with Allcom. For twenty-seven days, from February 25, 2001, to March 23, 2001, Mr. Dunn worked only for Tesinc. He reported- his income from Tesinc to the Department of Labor as a potential offset to any benefits that he might receive. Unfortunately, on March 23, 2001, Mr. Dunn’s work with Tesinc ended. On April 9, 2001, Mr. Dunn was rehired by Allcom. Thus, for sixteen days, from March 23 to April 9, Mr. Dunn held no job. It was Tesinc, not Allcom, that objected to Mr. Dunn’s receipt of unemployment benefits.
From the record, it is clear that Mr. Dunn was attempting to make a claim for benefits relating solely to his unemployment from Allcom. The appeals referee treated the claim as one relating to the employment with Tesinc because Tesinc was Mr. Dunn’s final employer. The transcript of the telephonic hearing before the appeals referee demonstrates confusion between the appeals referee and Mr. Dunn. Neither party appears to have understood the other’s position regarding the relevant employer for the source of this unemployment claim or the actual period of unemployment.
The record indicates that the UAC should have permitted Mr. Dunn to receive at least partial benefits for the twenty-seven-day period from his layoff with All-com until he voluntarily left Tesinc. Mr. Dunn was properly entitled to benefits for this period because the layoff was due to the employer, not Mr. Dunn. See Aleman v. Unemployment Appeals Comm’n, 733 So.2d 602, 602 (Fla. 3d DCA 1999) (stating lack of work constituted good cause attributable to employer). From our record, it is unclear whether Mr. Dunn received these benefits. The appeals referee never expressly granted or denied benefits for that period. Tesinc had no reason to contest that period, and Allcom has never participated in these proceedings. If Mr. Dunn properly received those benefits, the UAC should have no right to seek repayment of them. If Mr. Dunn did not re *170 ceive those benefits, he is entitled to make a renewed claim for them for the period between February 25, 2001, and March 23, 2001.
Mr. Dunn is not entitled to benefits for the sixteen-day period beginning when his work with Tesinc ended on March 23, 2001. Because he left his part-time job voluntarily, through no fault of Tesinc, he became disqualified from receiving benefits related to any employment until he worked a sufficient period to earn $4,675. See Rochussen v. Unemployment Appeals Comm’n, 795 So.2d 1075 (Fla. 2d DCA 2001). This is true, even though Mr. Dunn made his decision to leave the employment with Tesinc months before his layoff from Allcom. Ironically, if Mr. Dunn had simply abandoned his work with Tesinc before he completed the job, then he most likely would have qualified for benefits when laid off by Allcom.
As explained in Rochussen, the legislature was told by its staff that the 1999 amendment to the unemployment compensation statute applied to people who quit part-time jobs after they were separated from full-time jobs. See Staff Analysis of Finance & Taxation Comm, for H.B.1951, 16th Leg., Reg. Sess., Report on Unemployment Comp. (Fla.1999). The legislature surely did not intend to deny benefits to a worker who demonstrates the loyalty and diligence to finish a part-time job and then unexpectedly loses the full-time job prior to the conclusion of the part-time job.
An amendment to section 443.111, Florida Statutes (2001), previously suggested in footnote 3 in Rochussen, might prevent the result required in this case. See Rochussen, 795 So.2d at 1079 n. 3. The legislature should revisit sections 443.101 and 443.111 because their broad language sometimes hurts diligent workers who must hold more than one job in our current economic environment.
Accordingly, we affirm the UAC’s order but permit Mr. Dunn to make another claim for the initial period of unemployment in the event that this claim was overlooked in the confusion of the hearing before the appeals referee.
Affirmed and remanded with instructions.
CASANUEVA and KELLY, JJ„ Concur.